[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 12, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15105
Non-Argument Calendar

_____

D. C. Docket No. 03-00219-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee
Cross-Appellant,

versus

SEDRIC ROSS,

Defendant-Appellant
Cross-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(September 12, 2005)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Sedric Ross appeals his conviction and sentence for aiding or assisting in the preparation and presentation of fraudulent Form 1040 United States Individual Income Tax Returns to the Internal Revenue Service, in violation of 26 U.S.C. § 7206(2). Ross asserts (1) the district court abused its discretion by not allowing him to withdraw his guilty plea, and (2) the district court violated *Blakely v. Washington*, 124 S. Ct. 2531 (2004), by imposing an obstruction-of-justice enhancement based on judicial findings under a mandatory Guidelines system. The Government cross-appeals Ross's sentence arguing the district court misapplied the tax evasion and relevant conduct Guidelines in calculating Ross's base offense level solely on the tax loss attributable to the two counts of the indictment to which he pled guilty. We affirm Ross's conviction, but vacate and remand for resentencing.

## I. DISCUSSION

A. *Motion to withdraw guilty plea*

Ross asserts his plea was defective in that he never admitted he intended to commit the fraud alleged in the indictment. He asserts the district court erred in failing to conduct an evidentiary hearing on his motion. He further claims his counsel did not perform effectively. In particular, he claims his attorney was inexperienced, failed to file suppression motions, did not interview witnesses, did

2

not review tax returns, and inaccurately predicted his sentence. Lastly, he argues his plea was not knowing and voluntary as was evidenced in his plea colloquy.

We will disturb a district court's decision to deny a defendant's motion to withdraw a guilty plea only when it constitutes an abuse of discretion. *United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996). After the district court has accepted a defendant's plea, but before sentencing, a defendant may withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The provisions of this rule should be "liberally construed" where applied to pre-sentence motions. *McCarty*, 99 F.3d at 385. However, "[t]here is no absolute right to withdraw a guilty plea." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988). In determining if the defendant has met his burden for withdrawal, "the district court may consider the totality of the circumstances surrounding the plea," including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the

government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* (internal citation omitted).

 1. *Whether the district court erred when it failed to conduct an evidentiary hearing on Ross's motion to withdraw his guilty plea.*

A district court's refusal to hold an evidentiary hearing does not amount to abuse of discretion when the court has conducted extensive Rule 11 inquiries prior to accepting a guilty plea. *United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir. 1986). An evidentiary hearing is required when a defendant's factual allegations of circumstances undermining his plea are not contradicted in the record. *United States v. Dabdoub-Diaz*, 599 F.2d 96, 100 (5th Cir. 1979) (internal citations omitted).[1] However, a hearing is not necessary if the defendant only seeks to "relitigate representations made by himself, his lawyer, and the prosecutor in open court." *Id.*

During the plea hearing, the court inquired as to Ross's mental state. He replied that he was suffering from nervousness, but nothing beyond what would be expected at such a time. The Government informed him at the hearing as to the nature of the charges, that he willfully and intentionally provided false information on tax returns, and the court informed him of the consequences of pleading to a

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

4

felony, the rights he was waiving, and the maximum sentence he faced under the statute. The court also informed him that it would apply the Guidelines and that a difference between a predicted sentence and the sentence he would receive would not be an excuse to withdraw his plea.

The district court's Rule 11 inquiry was sufficient in respect to all areas in which Ross has claimed error.[2] Ross's allegations concern matters surrounding his counsel's performance, the maximum penalty he faced, and the nature of the charges. These allegations are contradicted by his testimony at the plea colloquy. As the district court conducted a sufficient Rule 11 inquiry in that regard, it did not abuse its discretion in failing to hold an evidentiary hearing.

2.    *Whether the district court erred in finding Ross had not been denied close assistance of counsel*

Ross admitted at his plea colloquy that he had the close assistance of counsel. "There is a strong presumption that the statements made during the [plea] colloquy are true." *Medlock*, 12 F.3d at 187. Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

---

[2]The district court did not inquire as to whether Ross was pleading guilty as a result of threats or promises, other than those contained in the plea agreement. However, Ross did not aver in his affidavits, or argue in this brief to this court that such promises or threats occurred. Accordingly, this issue is abandoned. *United States v. Dockery*, 401 F.3d 1261, 1262–63 (11th Cir. 2005).

Ross's mere allegations he did not enjoy the close assistance of counsel do little to show in what way his counsel's failures affected his case. Counsel that is merely inexperienced is not automatically ineffective. *Chandler v. United States*, 218 F.3d 1305, 1316 n.18 (11th Cir. 2000) (en banc) (citing *United States v. Cronic*, 104 S. Ct. 2039, 2050 (1984)). Ross asserts his counsel should have sought to suppress evidence seized from his office, but does not assert under what theory that evidence warranted suppression. He further claims his counsel had made an inaccurate prediction as to his sentence, however, the district court warned Ross not to rely on any predictions as he could not withdraw his plea simply because his actual sentence is more severe than anticipated. With regard to Ross's other allegations of incompetence, the district court was within its authority to discredit any allegations that Ross's counsel was ineffective which were contrary to the statements he made under oath at the plea hearing. *See United States v. Freixas*, 332 F.3d 1314, 1319 (11th Cir. 2003).

3. *Whether the district court erred in finding that Ross's plea was knowing and voluntary*

The thrust of Ross's argument, other than his counsel was deficient, is that his responses during the plea colloquy to the factual basis demonstrate a lack of understanding and thus, his plea was "unknowing." Rule 11 of the Federal Rules of Criminal Procedure requires the district court to make certain a defendant's plea

6

was made knowingly and voluntarily. Ross admitted to the facts which formed the basis of counts four and five of the indictment, to which he was pleading guilty. He contested his involvement in the facts that formed the basis of the remaining offenses for which the Government contended he was responsible. The court did not err in finding that while the resolution of the facts would be germane at sentencing, it did not affect the validity of the plea by undermining the factual basis because he was not pleading guilty to these offenses. Admitting to the factual basis with regard to counts four and five, but denying the factual basis with regard to the rest of the fraud offenses would be reasonable of a defendant who did not wish to admit to any offenses beyond those to which he was pleading guilty, especially if he was raising a *Blakely* challenge.

Ross testified his counsel had briefly discussed how the Guidelines applied to his sentence. He also acknowledged his understanding of the statutory maximum for each count, as well as how the Guidelines would operate. However, he was not provided with specific sentence ranges. There is a strong presumption that Ross's acknowledgment of his understanding and his statements as to his communications with the attorneys are true. *See Medlock*, 12 F.3d at 187. On appeal, Ross has done little to challenge the truth of these statements.

Ross did not seek to withdraw his plea until well after he pled guilty and shortly before sentencing. " The longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Buckles*, 843 F.2d at 473 (citations omitted). In light of the plea colloquy, and the length of time between the entry of the plea and Pearson's motion to withdraw it, the district court's decision was not an abuse of discretion.

B.    *Tax evasion and relevant conduct guidelines*

The Government asserts the district court missapplied the tax evasion and relevant conduct Guidelines. "We review the district court's application of the Sentencing Guidelines de novo, and its findings of fact for clear error." *United States v. Patti*, 337 F.3d 1317, 1323 (11th Cir. 2003) (quotation marks and citation omitted). The standards for reviewing the application of the Guidelines before the *United States v. Booker*, 125 S. Ct. 738 (2005), decision apply after *Booker* as well. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). "A sentencing court under *Booker* still must consider the Guidelines, and, such consideration necessarily requires the sentencing court to calculate the Guidelines sentencing range in the same manner as before *Booker*." *Id.* at 1178–79.

8

A defendant who is found guilty of aiding in tax fraud that results in tax loss in excess of $5,000 has a base offense level of 9. U.S.S.G. § 2T4.1.[3] However, if that fraud results in a tax loss of over $555,000, he has a base offense level of 18. *Id.* Tax loss, for purposes of § 2T1.4, is "the total amount of loss that was the object of the offense (i.e., the loss that would have resulted had the offense been successfully completed.)" U.S.S.G. § 2T1.1(c)(1). The Guidelines commentary directs a district court to "make a reasonable estimate based on the available facts." U.S.S.G. § 2T1.1, comment. (n.1). "In determining the total tax loss attributable to the offense (see § 1B1.3(a)(2)), all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." U.S.S.G. § 2T1.1, comment (n.2). Conduct that can be considered part of the same course of conduct can include a "continuing pattern of violations of the tax laws by the defendant." *Id.*

The alleged victim in all the cases of fraud was the IRS. The methods asserted to carry out this fraud related to making false claims with regard to taxpayer status, dependents, and Schedule A and C figures. This constitutes a common scheme or plan as though it relates to separate taxpayers and returns, the

---

[3] Ross was sentenced using the November 1, 1997 version of the Sentencing Guidelines.

9

IRS is a common victim and there is a similar modus operandi. U.S.S.G. § 1B1.3, comment (n.9(a)). The district court's finding that his conduct with regard to the other tax fraud is not in the same common scheme as counts four and five of the indictment is clearly erroneous. As the Guidelines were incorrectly applied, remand is appropriate. *Crawford*, 407 F.3d at 1179 (holding the district court's misinterpretation of the Guidelines "effectively means that the district court has not properly consulted the Guidelines") (citation omitted).

## II. CONCLUSION

We affirm Ross's conviction, but vacate and remand for resentencing. Since Ross is being resentenced because of an incorrect application of the Guidelines, we do not address his *Booker* argument. On remand, the district court should resentence consistent with *Booker*, considering the Guidelines advisory range and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." *Booker*, 125 S. Ct. at 757.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**