UNITED STATES of America,

v.

Lloyd SIBBLIES, Defendant.

Criminal Action No. 01–59–02 (RWR).

United States District Court,
District of Columbia.

April 18, 2008.

Danny C. Onorato, Schertler & Onorato, LLP, Julius Rothstein, U.S. Attorney's Office, Washington, DC, for United States of America.

### MEMORANDUM OPINION AND ORDER

RICHARD W. ROBERTS, District Judge.

Defendant Lloyd Sibblies has moved for reconsideration of the June 4, 2004 Memo-randum Opinion and Order ("2004 Order") denying his motion to withdraw his guilty plea to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. Sibblies now presents new allegations of ineffective assistance of counsel, and contends that he is innocent because he lacked the requisite intent to conspire with the alleged co-conspirator.[1] Because reconsideration is not warranted, the plea was voluntary and knowing, and his claim of innocence lacks evidentiary support, Sibblies' motion to reconsider the order denying his request to withdraw his plea will be denied.

### BACKGROUND

Sibblies was indicted on one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, two counts of unlawful distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii), and one count of unlawful distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B)(iii). He signed a cooperation agreement with the government and pled guilty to the conspiracy charge in Count One of the indictment on April 19, 2001.[2] More than 25 months after he pled guilty but before his sentencing date, Sibblies moved to withdraw his plea, insisting that he understood neither the charges against him nor that he would be subject to a statutory minimum sentence of 10 years when he accepted the plea agreement, that the advice on those topics by counsel at the time, Valencia Rainey, was

---

1. Sibblies also presents the same arguments—albeit in more detail—that he made in his initial motion to withdraw. For the reasons already stated in the 2004 Order, those arguments are rejected.

2. The details of the plea agreement and plea hearing are discussed extensively in the 2004 Order.

ineffective, and that he was factually innocent of the charge to which he pled. The 2004 Order denied Sibblies' motion, explaining that "the record belies defendant's claims and he has shown no fair and just reason to permit him to withdraw his plea[.]" (2004 Order at 1.)

Sibblies has moved for reconsideration of his request to withdraw his plea, providing new allegations of ineffective assistance by Rainey, and adding to his claim of innocence that he lacked the requisite intent to conspire. (*See* Def.'s Mot. to Recons. and Vacate the Court Order ("Def.'s Mot.") at 5, 8–9.) The government opposes, arguing that there was no defect in Sibblies' Rule 11 plea and that his claims of ineffective assistance of counsel and innocence are insufficient.

### DISCUSSION

■ Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw his guilty plea before a sentence is imposed if he shows a "fair and just reason" for requesting the withdrawal. Fed.R.Crim.P. 11(d)(2)(B); *United States v. Jones*, 472 F.3d 905, 907 (D.C.Cir.2007). "Although presentence withdrawal motions should be 'liberally granted,' they are 'not granted as a matter of right.'" *United States v. Ahn*, 231 F.3d 26, 30 (D.C.Cir. 2000) (quoting *United States v. Ford*, 993 F.2d 249, 251 (D.C.Cir.1993); *United States v. Loughery*, 908 F.2d 1014, 1017 (D.C.Cir.1990)). *See also United States v. Shah*, 453 F.3d 520, 521 (D.C.Cir.2006); *United States v. Basu*, 531 F.Supp.2d 48, 51–52 (D.D.C.2008). The decision to grant or not grant a withdrawal is within the court's discretion. *See United States v. Tolson*, 372 F.Supp.2d 1, 8 (D.D.C.2005), *aff'd*, 264 Fed.Appx. 2, 3 (D.C.Cir.2008).

Typically, courts look at several factors in deciding whether to grant a motion to withdraw a plea, including (1) whether the guilty plea was somehow tainted, (2) whether the defendant has asserted a viable claim of innocence,[3] and (3) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case. *See United States v. West*, 392 F.3d 450, 455 (D.C.Cir.2004); *United States v. Asaifi*, Criminal Action No. 04–401–02 (RMC), 2007 WL 1322098, at *5 (D.D.C. May 3, 2007).

■ When a plea is tainted because it was entered unconstitutionally or contrary to Rule 11 procedures, the standard for granting a motion to withdraw is lenient. *See United States v. Barker*, 514 F.2d 208, 221 (D.C.Cir.1975). However, where the plea itself was properly entered, "more substantial reasons for delay [between the entry of the plea and the filing of the motion] must generally be asserted." *Id.* A district court should ordinarily conduct an evidentiary hearing upon request where the motion to withdraw a guilty plea is based upon claimed ineffective assistance of counsel. *Curry*, 494 F.3d at 1131. However, "a court does not abuse its discretion in [holding no hearing] where there are no material factual issues in dispute." *Id.* A hearing is also unnecessary when the motion "fail[s] to allege sufficient facts or circumstances 'upon which the elements of constitutionally deficient performance might properly be found.' Summary disposition may also be appropriate where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion." *United States v. Taylor*, 139 F.3d 924, 933 (D.C.Cir.1998) (quoting *United States v.*

---

**3.** The D.C. Circuit has also expressed this factor as "a legally cognizable defense."

*United States v. Curry*, 494 F.3d 1124, 1129 (D.C.Cir.2007).

*Pinkney,* 543 F.2d 908, 916–17 (D.C.Cir. 1976)) (citations omitted).

The 2004 Order employed these legal principles and rules in assessing Sibblies' motion to withdraw. It considered all of the relevant factors and discussed whether his guilty plea comported with Rule 11, whether the plea was tainted by deficient and prejudicial advice by his counsel, and whether he advanced a viable claim of innocence. Ordinarily, requests to reconsider rulings are disfavored absent a clear showing of legal or factual error. *Cf. Ciralsky v. CIA,* 355 F.3d 661, 671 (D.C.Cir. 2004) (stating that motions to reconsider "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice") (internal quotations and citation omitted); *see also, Niedermeier v. Office of Max S. Baucus,* 153 F.Supp.2d 23, 28 (D.D.C.2001) (noting that motions for reconsideration "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances") (citation omitted); *New York v. United States,* 880 F.Supp. 37, 38 (D.D.C.1995) ("A . . . motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled."). Sibblies has neither argued nor demonstrated any such error in the 2004 Order's discussion of the issues presented then. He simply makes a second try at a withdrawal by rearguing some previous points and advancing some new ones. Such efforts find no safe harbor in motions to reconsider, and his present motion deserves to be denied for that reason alone. The result, though, does not change even upon an examination of the merits of his newly advanced arguments.

## I. VALIDITY OF THE PLEA

■ A plea of guilty is constitutionally valid if and only if it " 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *United States v. McCoy,* 215 F.3d 102, 107 (D.C.Cir.2000) (quoting *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Rule 11 delineates procedural safeguards to ensure that a guilty plea is entered into knowingly, voluntarily, and intelligently. *See* Fed. R.Crim.P. 11(b). "An understanding of the crime to which a defendant is admitting guilt is a 'core consideration' of Rule 11." *United States v. Shah,* 263 F.Supp.2d 10, 21 (D.D.C.2003) (quoting *Ford,* 993 F.2d at 251), *aff'd but remanded on other grounds,* 453 F.3d 520 (D.C.Cir.2006). "[T]he record of the plea colloquy must lead a reasonable person to believe that the defendant understood the nature of the charge, such as through a judicial recitation of the material details of the charge." *Id.* A defendant who does not " 'show some error under Rule 11 has to shoulder an extremely heavy burden if he is to ultimately prevail' in his effort to withdraw his plea." *United States v. Berkeley,* 515 F.Supp.2d 159, 161 (D.D.C.2007) (quoting *United States v. Cray,* 47 F.3d 1203, 1208 (D.C.Cir.1995)). The defendant's representations at the plea hearing regarding "adequacy of counsel and the knowing and voluntary nature of his plea . . . may 'constitute a formidable barrier' to . . . later refutations." *Taylor,* 139 F.3d at 933 (internal citations omitted) (quoting *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)).

■ If a defendant claims that a guilty plea is tainted because of ineffective assistance of counsel, he must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *See Lockhart,* 474 U.S. at 58, 106 S.Ct. 366; *United States v. Hanson,* 339

F.3d 983, 990 (D.C.Cir.2003). An attorney's assistance is deficient if her representation falls below an objective standard of reasonably effective assistance. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to show prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59, 106 S.Ct. 366.

■ Sibblies now presents the new allegation that he entered his guilty plea because Rainey told him during the plea hearing that " 'he should answer yes to the court's inquiries' and that she would explain everything after the hearing." (Def.'s Mot. at 8.) He states that he relied upon Rainey's "advice and instructions and thought that he was getting a reduced sentence as a result of the plea agreement." (*Id.*)

The record belies his claim that his answers were uninformed and improperly prompted. As was discussed in the 2004 Order, Sibblies acknowledged under oath that he discussed fully the charges as well as the case in general with his attorney, that he was completely satisfied with the services of his lawyer, that he had had enough time to talk with his lawyer about his case and the government's plea offer, that his willingness to plead guilty was the result of discussions that he or his lawyer had had with the government, that he had discussed the terms of the plea agreement with counsel, and that the signature on the

plea agreement—attesting that he had read and understood the plea agreement and had discussed it with his attorney—was indeed his signature. (Tr. at 11, 17–19.) He also affirmed that he understood that it was solely the government's decision as to whether it would file a motion for a downward departure, "and that neither [his] lawyer nor [the court could] force the government to file such a motion[.]" (Tr. at 24.) In addition, Sibblies assured the court at the plea colloquy that his plea was voluntary and without external pressure. (Tr. at 36–37.)

"These declarations concerning the performance of [defendant's] counsel were made in open court under oath and thus carry a strong presumption of verity." *United States v. Hawkins*, Criminal Action No. 03–390(JDB), 2005 WL 1660840, at *4 (D.D.C. July 11, 2005) (citing *United States v. Grewal*, 825 F.2d 220, 223 (9th Cir.1987) (internal quotations omitted)); *see also United States v. Ross*, 147 Fed. Appx. 936, 940 (11th Cir.2005) ("There is a strong presumption that [a defendant's] acknowledgment of his understanding and his statements as to his communications with the attorney[ ] are true."). Sibblies has failed to provide any affidavit, declaration, or other evidence to lend factual support to his new allegation to the contrary. Even if Rainey had not provided reasonably effective assistance, Sibblies has again failed to show that "but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial."[4]

---

**4.** Sibblies does argue that but for Rainey's representations regarding the possible sentencing range, he "would have taken his chances and elected to go to trial ... since the sentence range would have been the same for the plea." (Def.'s Mot. at 6.) However, Sibblies repeats the argument he raised in his earlier motion to withdraw that he was not advised that his guilty plea would still expose

him to a 10–year mandatory minimum sentence. (*Cf.* Mot. and Request to Withdraw at 1, 2 *with* Mot. to Recons. at 6–7.) The 2004 Order disposed of that argument. *Id.* at 19–20. He appears to add, though, the factually inaccurate argument that pleas of guilty or not guilty would have produced the same sentencing guidelines range as support for his claim that his choice to plead would have

*Lockhart,* 474 U.S. at 59, 106 S.Ct. 366. Indeed, the court explained the nature of the charge, the possible sentence that he faced, and that "the sentence that is imposed may be very different from any estimate that [counsel] . . . thinks it might be" (Tr. 22), thereby undermining any claim of prejudice. *See Hanson,* 339 F.3d at 990 ("[T]he district court's admonition at the plea hearing that [the defendant] should not rely on [counsel's] sentencing predictions weakens the defendant's claim that those predictions were at the root of his decision to plead guilty."). Accordingly, Sibblies has not made out a sufficient claim of ineffective assistance of counsel to render his plea invalid.

## II. VIABLE CLAIM OF INNOCENCE OR LEGALLY COGNIZABLE DEFENSE

█ Despite a defendant's bare assertion of innocence, "[i]f the [defendant's] factual contentions, when accepted as true, make out no legally cognizable defense to the charges, he has not effectively denied his culpability, and his withdrawal motion need not be granted." *Cray,* 47 F.3d at 1206 (quoting *Barker,* 514 F.2d at 220). A "defendant must do more than make a general denial in order to put the Government to its proof; he must affirmatively advance an objectively reasonable argument that he is innocent[.]" *Cray,* 47 F.3d at 1209. If the defendant does allege a legally cognizable defense, the defendant must show good reason for his failure to present those defenses at the original pleading. He must "legitimately explain why [he], who formerly admitted his guilt, should now be entitled to maintain his innocence." *United States v. Abreu,* 964

F.2d 16, 20 (D.C.Cir.1992) (affirming denial of motion to withdraw plea despite defendant's claim that he was innocent). "A simple shift in tactics or a change of heart is not an adequate reason" to explain the failure to disclose a defense at the time of the plea hearing. *Id.*

█ Sibblies attempts to bolster his claim of innocence by insisting that "he lacked the requisite intent to conspire with the alleged Co-conspirator." (Def.'s Mot. at 5.) However, Sibblies does not affirmatively assert facts in support of this claim. Instead, he merely attacks the strength of the government's evidence by asserting that no drugs were found on him, that the videotape of one of his charged overt acts showed no evidence of a drug transaction, and that the investigating officer only relied on evidence of a third party. (*See id.*) Sibblies' insistence that he lacked specific intent accompanied by no support other than deprecating the government's evidence amounts to only a general denial of guilt or an argument that the government could not prove its case. A defendant seeking to withdraw a sworn guilty plea with a claim of innocence "should have to satisfy an increased evidentiary burden of persuasion, requiring that he . . . proffer substantial facts in support of the innocence claim." *Tolson,* 372 F.Supp.2d at 25. Without more, Sibblies has again fallen short of making a viable claim of innocence.

█ Moreover, Sibblies' assertions of innocence also imply that he committed perjury during his plea, and "[l]ying to a court is not a 'fair and just reason' for allowing a plea to be withdrawn." *Shah,* 453 F.3d at

---

been different had counsel not suggested that his sentencing guidelines range would be lower with a guilty plea than with a conviction at trial. As the government even agreed in his plea agreement, his guilty plea warranted a

three-point reduction in his base offense level under the sentencing guidelines, thus lowering his sentencing guidelines range exposure. Proceedings of April 19, 2001, Court Ex. 2.

523 (internal citation omitted) (quoting Fed.R.Crim.P. 11(d)(2)(B)); *see also Barker*, 514 F.2d at 223 (explaining that it is important to consider whether a withdrawal motion "is premised on claims directly contrary to the representations" made during the plea hearing, and affirming denial of the motion to withdraw because appellants willfully abused and misled the court). Even if Sibblies' defense were viable, it adds " 'little weight on the side of permitting withdrawal.' " *Curry*, 494 F.3d at 1129 (quoting *Hanson*, 339 F.3d at 988–89 (stating that where the defense was "extremely weak" and belated, the district court did not abuse "its discretion in declining to give it much weight as a factor favoring the withdrawal of [the defendant's] guilty plea")).[5]

### CONCLUSION AND ORDER

Sibblies has demonstrated no basis for reconsidering the 2004 Order. Nonetheless, because the plea colloquy satisfied Rule 11 and Sibblies has not sufficiently shown that he is innocent or that his plea was anything but voluntary and effectively counseled, his motion for reconsideration of his request to withdraw his guilty plea will be denied. Accordingly, it is hereby

ORDERED that defendant's motion [20] for reconsideration of the court's June 4, 2004 denial of his motion to withdraw his guilty plea be, and hereby is, DENIED. It is further

ORDERED that defendant's renewed motion [27] to withdraw his guilty plea or, in the alternative, to set this matter for sentencing be, and hereby is, GRANTED IN PART AND DENIED IN PART. De-fendant's renewed request to withdraw his guilty plea is DENIED AS MOOT. Defendant's request to set this matter for sentencing is GRANTED. Accordingly, it is further

ORDERED that this matter be referred for preparation of an updated presentence report and that a sentencing hearing be and hereby is set for May 29, 2008 at 10:45 a.m. Any additional sentencing memoranda must be filed by May 22, 2008.

---

5. Regarding the last factor, the government does not assert whether it would or would not be prejudiced. "[T]here is no occasion to inquire into the matter of prejudice to the Government unless the defendant first shows a good reason for being allowed to withdraw his plea." *Cray*, 47 F.3d at 1207 (internal quotations omitted). Because the defendant has failed to show that permitting him to withdraw his plea would be just or fair, the final factor need not be examined.