**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marvin YIZAR, Defendant–Appellant.**

No. 90–9008
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 17, 1992.

R.C. Cougill, Lilburn, Ga., for defendant-appellant.

William R. Toliver, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before FAY and KRAVITCH, Circuit Judges, and CLARK, Senior Circuit Judge.

CLARK, Senior Circuit Judge:

In 1986, P. Martin Cook was one among several candidates for a seat on the Atlanta City Council. A fire set to his campaign headquarters brought a complete halt to his run for office. In 1988, Marvin Yizar, one of Cook's opponents in the race for the council seat, was charged and convicted of the arson and of conspiracy to commit the arson.

Thaddeus Clay, an employee of Yizar's, pled guilty to arson and testified for the prosecution at the joint trial of Yizar and Kenneth Lee, another of Yizar's employ-

ees. He testified that a few days after altercations between Cook and Yizar's campaign staff, Yizar told him to burn down Cook's campaign headquarters. Clay poured gasoline around the base of the building and set it on fire while Lee acted as a lookout.

Yizar testified at trial. His unsuccessful defense was that he did not instruct Clay to commit the arson. Lee did not take the stand. The essential thrust of his defense was that he had not known of plans to commit arson and was an innocent, albeit knowing, bystander to Clay's actions. The jury found Yizar guilty of conspiracy and arson, but acquitted Lee of both counts.

After this court affirmed his conviction in an unpublished opinion,[1] Yizar brought a pro se claim under 28 U.S.C. § 2255. He alleged four grounds for relief: 1) that he had been denied effective assistance of counsel, 2) that the government, in violation of *Brady v. Maryland*,[2] had suppressed the fact that Lee had stated to the prosecutor that Yizar was innocent,[3] 3) that the trial court erred in not allowing the co-defendants to speak to each other, and 4) that a single defendant could not be convicted of conspiracy.

The district court denied him relief on all four claims, stating that the petition contained no specific facts upon which relief could be granted. It held that the defendant made only conclusory allegations that the outcome of the trial would have been different had counsel acted differently, had the defendants been allowed to contact each other, or had the trial been severed. Yizar also failed to show the precise nature of the evidence the prosecution allegedly suppressed.[4] A single defendant could also be convicted of conspiracy if an unlawful agreement with others were proven.[5]

---

**1.** *United States v. Yizar,* 902 F.2d 960 (11th Cir. 1990).

**2.** 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

**3.** There is in the record an affidavit from Lee stating that Clay committed the arson on his own initiative.

**4.** There was allegation of a lie-detector test that the prosecution submitted Lee to, but the dis-

trict court found no evidence that such a test existed, or of its results. Since the results of lie detector tests were not admissible in 1988, this test is irrelevant.

**5.** *See Kitchell v. United States,* 354 F.2d 715 (1st Cir.), *cert. denied* 384 U.S. 1011, 86 S.Ct. 1970, 16 L.Ed.2d 1032 (1966).

Yizar filed a motion for reconsideration, alleging additional facts. He alleged that if his and Lee's trials had been severed, Lee would have testified at his trial that Yizar had nothing to do with the fire (R1–8–4). While waiting to testify before the grand jury indicting Yizar, Lee told the prosecutor that Yizar was innocent. The prosecutor subsequently did not call Lee before the grand jury (R1–8–1, 5). Yizar also alleged that his trial counsel never interviewed Lee and other witnesses he suggested (R1–8–2), and consulted his personal psychiatrist every day during trial recesses (R1–8–4). The district court denied the motion for reconsideration.

## DISCUSSION

28 U.S.C. § 2255 states that

Unless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief, the court *shall* cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto (emphasis added).

■ We read pro se petitions more liberally than those drafted by lawyers.[6] Reading both the initial section 2255 motion and the motion to reconsider together, we find that we cannot state *conclusively*[7] that the facts alleged by Yizar, taken as true, would present no ground of relief for ineffective assistance of counsel or, alternatively, under *Brady v. Maryland.*

To obtain relief from a conviction because of constitutionally ineffective assistance of counsel, a defendant must show both that counsel's performance was defi-

cient, and that the deficient performance prejudiced the defense.[8]

■ A defendant must first show that "counsel's representation fell below an objective standard of reasonableness."[9] One of trial counsel's duties is "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."[10] The reasonableness of counsel's investigation decisions must be viewed in light of information provided by the defendant.[11] Yizar alleged that his trial counsel did not interview the prosecution witnesses, call defense witnesses Yizar requested, conduct basic investigation, or make discovery demands. He also alleges that he, not his counsel, subpoenaed the government witnesses' criminal records. In Yizar's direct appeal this court also noted that Yizar's trial counsel could have discovered that Lee had made statements favorable to Yizar's defense if it had conducted appropriate discovery.[12] These allegations are sufficient to cast initial doubt on the effectiveness of counsel.

A defendant must not only show that counsel was ineffective, however, but also that he was prejudiced by counsel's actions. This entails showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[13]

■ Yizar was prejudiced when his trial counsel's failure to interview witnesses and discover Lee's potential testimony led to his failure to move for severance at trial. A trial judge has broad discretion to grant a motion for severance.[14] Yizar's trial coun-

6. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

7. *See Humphrey v. United States,* 888 F.2d 1546, 1550 (11th Cir.1989).

8. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

9. *Id.,* 466 U.S. at 688–89, 104 S.Ct. at 2064.

10. *Id.,* 466 U.S. at 691, 104 S.Ct. at 2066.

11. *Id.*

12. *Yizar,* unpub. op. at 3 [902 F.2d 960 (TABLE)].

13. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

14. F.R.Crim.P. 14. This court held in Yizar's direct appeal that had a motion for severance been made and denied by the district court, a new trial would not be granted because Yizar's and Lee's defenses were not mutually antagonistic. This standard is applicable to a review of a *non-severed* trial. *See United States v. Ber-*

sel thus denied the defense the opportunity to present arguments for severance before the court, and the possibility that the trial court would have exercised the discretion it has to grant severance.

■ To succeed on a motion to sever based on a defendant's need for exculpatory testimony from a co-defendant, the defendant must show that 1) there is a bona fide need for the co-defendant's testimony, 2) the substance of the testimony, 3) the exculpatory nature and effect of the testimony, and 4) the likelihood that the co-defendant would indeed testify.[15] Yizar has shown in the preliminary instance these elements. He needed the testimony of an alleged co-conspirator exculpating him. Since Lee availed himself of his Fifth Amendment privilege and chose not to testify at trial, the only way that Yizar could have had the benefit of Lee's testimony was if the joint trial was severed. The substance of Lee's testimony is that Yizar is innocent, and that he had told the prosecution this. The only question remaining is whether Lee would have been willing to testify at Yizar's trial if his Fifth Amendment rights were safeguarded, and this will be answered in an evidentiary hearing. With adequate information, there is thus a "reasonable probability" that the trial court would have granted severance if a motion for such had been made.[16]

If the trial court granted severance, it would have been extremely likely to order the sequence of trials for the co-defendants so that the precise reason it granted severance would take place.[17] Thus, it was likely to order that Lee should have been tried first so that Lee could testify at Yizar's trial.[18] There is then a "reasonable probability" that Lee's exculpatory testimony, that of a co-defendant present at the arson and the events immediately surrounding it, would have changed the outcome of the trial.

■ Yizar's claim of ineffective assistance of counsel also prevails only if his counsel would have in fact been able to discover Lee's testimony. However, if Lee's testimony was in fact not discoverable by Yizar because Lee's attorney refused to disclose it, Yizar may then have an alternate claim under *Brady v. Maryland*.[19] A *Brady* claim is available if either exculpatory or impeachment evidence is suppressed,[20] and regardless of the good faith or bad faith of the prosecution.[21]

Although *Brady* does not require the government to furnish a defendant with information which he already has, or with reasonable diligence can find out himself,[22] it requires the prosecution to volunteer evidence not otherwise available to the defendant that creates a reasonable doubt as to his or her guilt.[23] If Lee's counsel refused to impart information to Yizar's counsel as Lee claimed the protection of the Fifth Amendment,[24] the statement Lee made or

*kowitz,* 662 F.2d 1127, 1133 (5th Cir. Unit B 1981).

15. *United States v. DeSimone,* 660 F.2d 532, 539 (5th Cir. Unit B 1981); *Byrd v. Wainwright,* 428 F.2d 1017, 1019–22 (5th Cir.1970).

16. *See United States v. DiBernardo,* 880 F.2d 1216 (11th Cir.1989) (it was not an abuse of the district court's discretion to grant a severance when a defendant was willing to exculpate his co-defendants if tried separately, but would claim the protections of the Fifth Amendment if tried jointly with the others).

17. The ordering of the sequence of severed trials is within the discretion of the trial court. *DiBernardo,* 880 F.2d at 1228.

18. *See DiBernardo,* 880 F.2d at 1229 (district court abused its discretion when, after properly granting a motion to sever, it ordered the defen-

dants in need of their co-defendant's testimony to be tried first, where upon which the co-defendant refused to testify, claiming the protections of the Fifth Amendment).

19. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

20. *See United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985).

21. *Brady,* 373 U.S. at 87, 83 S.Ct. at 1196–97.

22. *United States v. Valera,* 845 F.2d 923, 928 (11th Cir.1988).

23. *United States v. Agurs,* 427 U.S. 97, 112–13, 96 S.Ct. 2392, 2402, 49 L.Ed.2d 342 (1976).

24. *See* F.R.Crim.P. 16(b)(2).

his willingness to testify may not have been otherwise discoverable by Yizar's counsel. This testimony from Lee, a co-defendant at the scene of the arson stating that Yizar was innocent, may have been sufficient to create a reasonable doubt in the minds of the jury that Yizar was actually guilty. Thus, the prosecution would have had to volunteer the existence of this testimony.

In remanding for an evidentiary hearing on these alternate issues, we pretermit the outcome of this hearing. We simply hold that Yizar has made sufficient allegations so that it cannot be *conclusively* stated that he is entitled to no relief, and thus an evidentiary hearing must be held.

REMANDED for evidentiary hearing.