USCA1 Opinion

 

 March 18, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1671 ORLANDO ESPINOSA-SANCHEZ, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Orlando Espinosa-Sanchez on brief pro se. ________________________ Guillermo Gil, United States Attorney, Rosa E. Rodriguez-Velez ______________ ________________________ and Nelson Perez-Sosa, Assistant United States Attorneys, on brief for _________________ appellee. ____________________ ____________________ Per Curiam. After carefully reviewing the record __________ and the parties' briefs, we affirm the judgment of the district court for essentially the reasons stated in its Opinion and Order. We add the following comments. 1. The district court was not required to hold a hearing on appellant's claim that his attorney provided ineffective assistance by failing to call as witnesses two of appellant's codefendants. Conspicuously absent from both of the affidavits of these codefendants is any statement that either codefendant would have testified on behalf of appellant. Also missing are averments that appellant never knew about the cocaine on board the SHEME and that appellant never had been told about the drugs. Indeed, neither affidavit is inconsistent with the government's position at trial that appellant was part of the conspiracy to possess with the intent to distribute the cocaine. Thus, even taking the rest of the allegations in the affidavits as true, the conclusions appellant draws from these facts are basically "self-interested characterizations." See United States v. ___ ______________ McGill, 11 F.3d 223, 225 (1st Cir. 1993) (in deciding whether ______ to hold a hearing, the district court must take a petitioner's factual averments as true but need not credit "conclusory allegations, self-interested characterizations [or] discredited inventions"). -2- Finally, the case upon which appellant primarily relies, United States v. Yizar, 956 F.2d 230 (11th Cir. ______________ _____ 1992), is not to the contrary. In Yizar, there was no doubt, _____ unlike here, that the codefendant actually had said that defendant was innocent. Here, in contrast, there is no independent corroboration that Estupinan or Passos-Paternina possessed exculpatory evidence or that appellant even named them as potential witnesses. Moreover, the information in their affidavits hardly amounts to a direct statement of appellant's innocence. 2. Appellant's claim that his attorney prevented him from taking the stand is supported by only his allegation that his attorney led him to believe that he could not testify. This is insufficent, without more, to require the district court to hold an evidentiary hearing. Siciliano v. _________ Vose, 834 F.2d 29, 31 (1st Cir. 1987) (an affidavit that ____ states only that counsel refused to allow defendant to testify on his own behalf is insufficient to establish defendant's entitlement to a hearing on his habeas corpus petition). See also Underwood v. Clark, 939 F.2d 473, 475-76 ___ ____ _________ _____ (7th Cir. 1991) (a "barebones assertion" that a defendant's attorney would not let him testify is "too facile a tactic to be allowed to succeed"; greater particularity and some substantiation are necessary). -3- Again, the cases upon which appellant primarily relies do not support his position. In one, United States _____________ v.Walker, 772 F.2d 1172 (5th Cir. 1985) (a direct appeal), ______ the defendant had told his attorney that he wished to testify and the attorney had filed a motion to reopen the case to allow defendant to take the stand. The court determined that the trial court had abused its discretion in denying the motion. Id. at 1176, 1185. In the other case, United States ___ _____________ v. Butts, 630 F.Supp. 1145 (D. Me. 1986) (a new trial _____ motion), there was independent evidence -- courtroom scenes and counsel's testimony -- that defendant consistently had demanded to testify on his own behalf. Id. at 1146. As ___ noted above, there is no independent corroboration of appellant's allegation that his attorney told him that he could not testify. 3. The remainder of appellant's claims were not raised below and therefore will not be addressed on appeal. See Knight v. United States, 37 F.3d 769, 772 n.2 (1st Cir. ___ ______ _____________ 1994). The judgment of the district court is affirmed.  ________ -4-