[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10977
Non-Argument Calendar

_____

D. C. Docket No. 06-00168-CR-WSD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK A. BROWN,
a.k.a. Derrick Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 8, 2008

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

On April 11, 2006, a Northern District of Georgia court returned a thirteen-count indictment against Derrick A. Brown charging him with seven counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and six counts of possession of a firearm in furtherance of a crime of violence, bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On March 20, 2007, Brown pled guilty to two of the § firearm charges, Counts Four and Six, and on February 25, 2008, the district court sentenced him to prison for a total of 384 months – 84 months on Count Four and 300 months on Count Six. Brown now appeals, contending that the district court abused its discretion by denying his motion to withdraw his guilty plea without first holding an evidentiary hearing. A plea hearing, he represents, would establish that at the time the court entertained and accepted his pleas of guilty, he did not understand that the meaning of the term "firearm,"as used in § 924(c)(1)(A). This is because the court failed to inform him of the statutory definition of firearm in the words it would use in instructing a jury as to the meaning of the term.

We review the district court's refusal to conduct an evidentiary hearing for an abuse of discretion. See United States v. Stitzer, 785 F.2d 1506, 1514 (11th Cir. 1986) (holding that the district court's refusal to hold an evidentiary hearing did not amount to abuse of discretion because of the extensive Fed. R. Crim. P. 11 inquiries conducted by the trial court prior to accepting the appellant's guilty plea).

2

A district court must hold an evidentiary hearing where it cannot state conclusively that the facts alleged, taken as true, would present no ground for relief. United States v. Yizar, 956 F.2d 230, 234 (11th Cir.1992) (addressing a claim of ineffective assistance of counsel in 28 U.S.C. § 2255 context). A hearing is not necessary, however, if the defendant, in moving to withdraw his guilty plea, only seeks to "relitigate representations made by himself, his lawyer, and the prosecutor in open court." United States v. Dabdoub-Diaz, 599 F.2d 96, 100 (5th Cir. 1979).

Rule 11(d) states that a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes a sentence, if the defendant can show a fair and just reason for requesting the withdrawal. Fed.R.Crim.P. 11(d). Whether a defendant's motion to withdraw shows a fair and just reason is to be liberally construed; the decision to allow withdrawal is left to the sound discretion of the district court, however, and will not be disturbed unless it is arbitrary or unreasonable. United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). In determining if the defendant has met his burden for withdrawal, "the district court may consider the totality of the circumstances surrounding the plea," including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the

3

defendant were allowed to withdraw his plea." Id. at 471-472 (citations omitted).

There is no mechanical rule for us to follow when determining whether a district court complied with Rule 11's requirement to satisfy itself that a defendant understood the nature of the charges against him. United States v. Camacho, 233 F.3d 1308, 1314 (11th Cir. 2000). The extent of the inquiry required depends on the defendant's intelligence and the relative complexity of the charges involved. Id. "For simple charges . . . 'a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice.'" Id. (quoting United States v. DePace, 120 F.3d 233, 237 (11th Cir. 1997)).

Here, Brown failed to provide credible evidence that he did not understand the nature of the charges to which he pled guilty. The district court therefore did not abuse its discretion by refusing to conduct an evidentiary hearing on Brown's motion to withdraw his plea.

AFFIRMED.

4