[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12218
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 1:10-cv-20266-DMM,
1:05-cr-20915-DMM-1

JAIRO RAFAEL SANZ DE LA ROSA,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 5, 2012)

Before CARNES, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Jairo Rafael Sanz De La Rosa appeals the district court's dismissal of his motion to vacate under 28 U.S.C. § 2255. He argues that he was entitled to an evidentiary hearing to determine whether his trial counsel rendered ineffective assistance by failing to investigate and cross-examine a key government witness during his trial.

## I.

A jury convicted Sanz of one count of conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. § 963; one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; and one count of possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1).

At trial, Sanz testified on his own behalf and admitted to being responsible for a total of 3.2 kilograms of cocaine. The government's key witness, Jorge Isaacs, who was a co-defendant of Sanz, testified that he retrieved cocaine from airplanes while working for an aircraft maintenance company and delivered it to Sanz. He claimed that during 2004 and 2005, he retrieved about eighteen to twenty loads of cocaine for Sanz. Each load purportedly contained three to six 200-gram bars of cocaine. Isaacs testified that in 2004 alone, he successfully retrieved about eight loads, although roughly twelve loads were sent. Overall,

Isaacs acknowledged responsibility for between five and fourteen kilograms of cocaine. Defense counsel cross-examined Isaacs to reveal possible bias and to challenge the accuracy of the government's evidence.

At sentencing, the district court indicated that it found Isaacs to be a "persuasive witness," and calculated Sanz's guideline range based on five to fifteen kilograms of cocaine, resulting in an offense level of 36 and a guideline range of 188 to 235 months.

In January 2010, Sanz filed a § 2255 motion to vacate or correct his sentence. Among other constitutional violations, he alleged that he received ineffective assistance of counsel, because his trial counsel failed to conduct proper pretrial investigation and failed to impeach the government's key witness, Isaacs. Specifically, Sanz alleged that he advised counsel during pretrial proceedings that Isaacs had an expired U.S. residency card and an expired airport identification card. Sanz says these expired cards would have precluded Isaacs from accessing the airport's secure areas in 2004, which included those areas where Isaacs purportedly retrieved the cocaine on behalf of Sanz. However, according to Sanz, trial counsel failed to investigate the expired identification cards or cross-examine Isaacs with regard to these facts. He argued that had trial counsel investigated these facts, counsel would have revealed during cross examination that Isaacs

could not have retrieved any cocaine on behalf of Sanz during 2004. He further claims that without the 2004 drug loads, Sanz would have been responsible for only the 3.2 kilograms of cocaine that came in during 2005, which would have resulted in a lesser sentence. Sanz requested that the district court hold an evidentiary hearing as to this claim.

The district court adopted the magistrate judge's Report and Recommendation dismissing Sanz's motion, and denying the request for an evidentiary hearing.

## II.

We review for abuse of discretion a district court's denial of a request for an evidentiary hearing in a § 2255 proceeding, Aron v. United States, 291 F.3d 708, 714 n.5 (11th Cir. 2002), construing pro se filings liberally, United States v. Yizar, 956 F.2d 230, 232 (11th Cir. 1992).

Under § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the district court shall grant an evidentiary hearing on the claims asserted. 28 U.S.C. § 2255(b). We have held that such a hearing is not required if the allegations are "affirmatively contradicted by the record, or the claims are patently frivolous." Aron, 291 F.3d at 715. On the other hand, if the record does not conclusively show that relief should

4

be denied, we will remand for an evidentiary hearing. Yizar, 956 F.2d at 234.

In order to demonstrate ineffective assistance of counsel, a defendant must allege facts showing: 1) that his counsel's representation failed to meet an objective standard of reasonableness; and 2) that the deficient performance prejudiced him in such a way that there is a reasonable probability it affected the outcome of the proceeding. See United States v. Willis, 649 F.3d 1248, 1254 (11th Cir. 2011). A counsel's decision not to investigate should be considered under the totality of the circumstances, including the defendant's communications with counsel. Strickland v. Washington, 466 U.S. 668, 691, 104 S. Ct. 2052, 2066 (1984).

Here, we cannot say that the record conclusively establishes that Sanz is not entitled to relief. As to the deficiency prong under Strickland, the record does not contradict Sanz's allegation that he told his counsel about the expired identification cards. Further, the record reveals that, during cross-examination of Isaacs, neither Sanz's counsel nor counsel for any of the co-defendants questioned Isaacs about his expired residency card or airport identification card. Finally, the government does not challenge, and review of the record does not contradict, Sanz's allegation that Isaacs did not have the proper identification in 2004, or his allegation that without these identification cards, Isaacs could not have accessed

5

the airport's secure areas in 2004 to retrieve cocaine. We further note that Sanz attached a purported copy of Isaacs's expired residency card to his § 2255 motion, listing an expiration date of January 2003. Sanz also attached an affidavit from Isaacs recanting his testimony,[1] stating that he did not retrieve any cocaine for Sanz during 2004.

As to the prejudice inquiry, even the Report and Recommendation acknowledges that the district court considered Isaacs to be a "very persuasive witness[] when determining that the amount of drugs involved in the offenses was at least five kilograms." At this stage, it is sufficient to note that had the district court not credited Isaacs's testimony, Sanz might have only been found responsible for 3.2 kilograms of cocaine at sentencing. This would have resulted in a base offense level of 28,[2] and an adjusted offense level of 32,[3] thereby reducing Sanz's guideline range to 121 to 151 months, which is a sufficient

---

[1] We acknowledge that "recantations are viewed with extreme suspicion by the courts." United States v. Santiago, 837 F.2d 1545, 1550 (11th Cir. 1998). Therefore, the district court fairly questioned the trustworthiness of Isaacs's recantation. However, we cannot say the questionable trustworthiness of the recantation is a proper ground for determining that the rest of the record affirmatively contradicts Sanz's allegations for the purposes of granting or denying an evidentiary hearing.

[2] U.S.S.G. § 2D1.1(c)(6) assigns a base offense level of 28 to offenses involving between 2 and 3.5 kilograms of cocaine.

[3] Sanz received a four-level enhancement for his role in the offense under U.S.S.G. § 3B1.1(a).

reduction to constitute prejudice.[4]  Cf. Glover v. United States, 531 U.S. 198,

202–03, 121 S. Ct. 696, 699–700 (2001).  Beyond that, discrediting Isaacs's

testimony as to the quantity of cocaine might have resulted in a lower statutory

range of five to forty years, instead of ten years to life.  See 21 U.S.C.

§ 841(b)(1)(A)(ii), (B)(ii).

## III.

For these reasons, we hold that the record does not conclusively show that

Sanz is not entitled to relief.  We therefore VACATE the denial of his § 2255

motion and REMAND this case to the district court for the appointment of counsel

pursuant to 18 U.S.C. § 3006A, and for further proceedings, including an

evidentiary hearing.

---

[4]  While the reduced guideline range would not necessarily result in a lower sentence, see Booker v. United States, 543 U.S. 220, 245, 125 S. Ct. 738, 757 (2005) (rendering the Sentencing Guidelines advisory), we note that the district court sentenced Sanz at the lowest end of the guideline range, which might indicate that the court would again choose the bottom end of any lower guideline range.  Therefore, we cannot say that the record conclusively demonstrates the absence of prejudice at sentencing.