[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16207
Non-Argument Calendar

_____

D.C. Docket Nos. 1:12-cv-20623-JLK, 1:07-cr-20494-JLK-3

OSCAR ARAGON-LLANOS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 21, 2014)

Before PRYOR, FAY and KRAVITCH, Circuit Judges.

PER CURIAM:

Oscar Aragon-Llanos, a federal prisoner proceeding *pro se*, appeals the

district court's dismissal of his 28 U.S.C. § 2255 motion to vacate sentence as

barred by the statute of limitations.  We granted a certificate of appealability

(COA) on the following issues:

> (1) Whether Llanos was entitled to an evidentiary hearing on his claim that he exercised due diligence in discovering that his attorney did not file a requested direct appeal of his judgment of conviction?

> (2) Whether the district court clearly erred in finding that Llanos failed to exercise due diligence, under 28 U.S.C. § 2255(f)(4), in discovering that his attorney did not file a requested direct appeal of his judgment of conviction?

> (3) If Llanos's § 2255 motion to vacate was not time-barred, whether Llanos's trial counsel rendered ineffective assistance in failing to file a requested direct appeal of the judgment of conviction?

> (4) If Llanos's § 2255 motion to vacate was not time-barred, whether Llanos's trial counsel rendered ineffective assistance in failing to object to the sentencing court's decision [not] to grant Llanos credit for time served?

Because we conclude Aragon-Llanos was, at a minimum, entitled to an evidentiary

hearing on his claim he exercised due diligence in discovering his lawyer's failure

to file the direct appeal Aragon-Llanos requested, we need not decide whether, in

the absence of such a hearing, the district court erred in its diligence finding.  We

also decline to address issues 3 and 4 of the COA because the district court did not

address them in the first instance.  *Cf. Massaro v. United States*, 538 U.S. 500, 505

(2003) ("[I]neffective-assistance claims ordinarily will be litigated in the first

instance in the district court, the forum best suited to developing the facts

necessary to determining the adequacy of representation . . . .").

2

I.

After pleading guilty to one count of conspiracy to import more than five kilograms of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a) and 963, Aragon-Llanos was sentenced to 87 months' imprisonment. At sentencing, Aragon-Llanos contended he was entitled to credit for time served in Colombia before he arrived in the United States for his federal proceedings and in the United States thereafter. But the district court gave him credit for time served in the United States only, and entered judgment on November 25, 2009. No direct appeal was filed.

Thereafter, on February 15, 2012, Aragon-Llanos filed a § 2255 motion, contending his trial counsel provided ineffective assistance by failing to object to the district court's time-served credit determination. Counsel was also ineffective, Aragon-Llanos claimed, for not filing a notice of appeal even though Aragon-Llanos told counsel he wanted to appeal. He asserted his motion was timely because, although not filed within one year of final judgment, he did file within one year of discovering that his attorney failed to file his requested appeal. Counsel, he alleged, deceived him into believing the appeal was moving forward as planned.

In support of his motion, Aragon-Llanos included a sworn affidavit stating that he specifically asked his trial counsel, Edward Abramson, to file an appeal.

3

He averred that he called Abramson's office at least 20 times while incarcerated to ask about the progress of his appeal, and that, although Abramson never answered the phone, his assistant repeatedly told Aragon-Llanos that Abramson was working on the appeal.  Aragon-Llanos averred that his sister called the Eleventh Circuit to ask about the appeal in December 2011 and discovered that no appeal had been filed.  He then sent a letter of inquiry to the court, which the court received on January 5, 2012, asking if a notice of appeal was ever filed.  Four days later, the clerk's office responded that no appeal was currently pending.  Aragon-Llanos also submitted an undated letter he wrote to Abramson, in which Aragon-Llanos reminded Abramson that, after his sentencing hearing, he specifically asked Abramson to file a direct appeal challenging the district court's refusal to credit him for time served in Colombia.  He stated that he "was waiting until now for . . . the result of the alleged[] direct appeal," but that, "to my surprise one of my family members called the Clerk of the Court for the eleventh [circuit] court of appeals in Atlanta, who told my relative that a notice of appeal was never filed plus you never did anything regarding my credit for time served."

After the government responded to the motion, arguing it was time-barred, Aragon-Llanos contended that, the day of his sentencing, his aunt, Liliana Paredes, and his friend, Juan David Cardona, met Abramson outside the courtroom, where Abramson assured the two that he would file a direct appeal in Aragon-Llanos's

case.  He alleged that, over the following months, he and his family repeatedly contacted Abramson's office to check on the status of the appeal, and that Abramson's assistant assured them an appeal had been filed and would take approximately two years.  A sworn affidavit by Paredes confirmed these facts. Finally, Aragon-Llanos stated that he attempted to contact the Assistant United States Attorney assigned to his case but never received a response.

A magistrate judge recommended that Aragon-Llanos's motion be dismissed as time-barred, concluding the affidavits were insufficient to show due diligence and that Aragon-Llanos should have contacted the Eleventh Circuit earlier.  The district court adopted the magistrate judge's recommendation and dismissed Aragon-Llanos's petition.  This is his appeal.

## II.

We review the district court's denial of a request for an evidentiary hearing for an abuse of discretion.  *Aron v. United States*, 291 F.3d 709, 714 n.5 (11th Cir. 2002).  "An abuse of discretion occurs if the district court applies an incorrect legal standard or makes findings of fact that are clearly erroneous."  *United States v. Wilk*, 572 F.3d 1229, 1234 (11th Cir. 2009).  We have consistently stated that, if the petitioner simply "*alleges* facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."  *Id.* at 714-15 (emphasis added); *see also United States v. Yizar*, 956 F.2d

5

230, 234 (11th Cir. 1992) (emphasizing that the district court must hold a hearing if the petitioner makes "sufficient allegations so that it cannot be *conclusively* stated that he is entitled to no relief").  The district court may decline to hold an evidentiary hearing *only if* the allegations are "affirmatively contradicted by the record" or "the claims are patently frivolous . . . ."  *Aron*, 291 F.3d at 715 n.6.  "Moreover, the court should construe a habeas petition filed by a pro se litigant more liberally than one filed by an attorney."  *Id.* at 715.

## III.

We have little difficulty concluding the district court abused its discretion in declining to hold an evidentiary hearing regarding whether Aragon-Llanos exercised due diligence in discovering his attorney did not file the appeal Aragon-Llanos requested.  Aragon-Llanos alleged that he told Abramson at his sentencing hearing that he wanted to pursue a direct appeal.  He alleged that he and multiple family members followed up with Abramson numerous times, only to be misled by Abramson's assistant, who said the appeals process would take two years to complete.  When time passed and he received no word of a completed appeal despite his repeated attempts to contact Abramson, Aragon-Llanos and his sister proactively contacted the clerk's office, and were shocked to learn that no appeal had ever been filed.  "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to

6

make reasonable efforts." *Aron*, 291 F.3d at 712.   If Aragon-Llanos's allegations prove to be true, we would have little trouble concluding he made reasonable efforts, under the circumstances, to discover whether Abramson had filed the direct appeal he requested.

The magistrate judge concluded, and the district court agreed, that Aragon-Llanos was not entitled to an evidentiary hearing because he did not corroborate his story with sufficient evidence.  Apparently, the court erroneously believed he was required to produce affidavits from his sister, mother, or friend Cardona confirming the details of their conversations with and subsequent attempts to contact Abramson, and phone records or other evidence to corroborate the statements his aunt Paredes made in her affidavit.  No case law supports such an onerous burden at this stage in the proceedings.  Indeed, § 2255 by its own text *requires* a hearing unless "the files and records of the case *conclusively* show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255(b) (emphasis added). And *Aron* makes clear that Aragon-Llanos must simply *allege* facts that, if proven true after an evidentiary hearing, would entitle him to relief.  291 F.3d at 714-15. The magistrate judge and district court also found some of the documents Aragon-Llanos included "contradict[ed]" his allegations.  Specifically, the magistrate judge characterized Aragon-Llanos's statement in his letter to Abramson that he "was waiting until now" as undercutting his claims that he and his family had contacted

Abramson numerous times regarding the status of the appeal.  This conclusion ignores the context of the statement:  Aragon-Llanos said he was "waiting until now for . . . the *result* of the alleged[] direct appeal," not for the filing of the appeal.  Even assuming Aragon-Llanos's letter creates tension with his allegations that he made multiple attempts to talk to Abramson, it does not "affirmatively contradict[]" those allegations, certainly not "'*conclusively*'" so.  *Id.* at 715 & n.6 (quoting 28 U.S.C. § 2255(b)).  Therefore, any perceived inconsistencies do not justify denial of an evidentiary hearing on the matter.  Because the magistrate judge and district court applied the wrong legal standard to Aragon-Llanos's motion and supporting allegations, we conclude the court abused its discretion in declining to hold an evidentiary hearing.  Accordingly, we vacate the dismissal of Aragon-Llanos's § 2255 motion and remand for an evidentiary hearing on the matter.[1]

     **VACATED and REMANDED.**

---

[1]  Because Aragon-Llanos was able to reply to the government's response brief, and due to our disposition of the case, his motion to compel is DENIED.