**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eleas DABDOUB–DIAZ,**
**Defendant-Appellant.**

**No. 78–3529.**

United States Court of Appeals,
Fifth Circuit.

July 20, 1979.

Theodore J. Sakowitz, Federal Public Defender, Robyn J. Hermann, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Michael P. Sullivan, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, CLARK and VANCE, Circuit Judges.

CHARLES CLARK, Circuit Judge:

Eleas Dabdoub-Diaz asserts two errors by the district court. He first assigns that court's rejection of his attack under Fed.R. Crim.P. 32(d) on the method of taking his guilty plea. His second assignment is the court's refusal to hold a hearing on his claim that the government failed to keep its plea bargain. We reject the first for failure to show manifest injustice, the standard provided by Rule 32(d). We reject the second assignment because the record shows that the government fulfilled its bargain as represented, with Diaz's concurrence, at the plea proceedings.

Diaz was one of several indictees charged with conspiracy to possess with intent to distribute heroin and with the substantive crime of distributing heroin. As a result of an agreement with the government, Diaz pled guilty to the conspiracy count in exchange for dismissal of the remaining count. On February 1, 1978, he was sentenced to six years' imprisonment with a three-year special parole term. No appeal was taken. A month later the district court denied a motion for reduction of sentence, initiated by a letter from Diaz's wife.

While in prison the defendant filed a *pro se* motion with the district court entitled "Motion to Reduce Sentence Pursuant to Rule 35 of the Federal Rules of Criminal Procedure." In this motion he alleged that his guilty plea was involuntary, claimed that the government unlawfully induced the plea by making a bargain it did not keep, and challenged the sufficiency of the evidence to convict him of the conspiracy. The motion was dated May 22, 1978, but was not filed with the district court until June 22, beyond the 120-day limit of Rule 35. Despite the formal heading of the motion, defendant's memorandum supporting the motion requested not that the sentence be reduced but that his plea of guilty "should be void, since such plea was induced by promises and threats which deprived the plea of its nature of a voluntary act," and that "[t]he *court should allow the withdrawal of the guilty plea* for failure to inform the petitioner of the applicable mandatory special parole [and] *failure to comply strictly with Federal Rules of Criminal Procedure, Rule 11.*" (emphasis in original). The memorandum set forth facts consistent with defendant's innocence, including an allegation of entrapment. However, it is not clear whether defendant wished to convince the court of his innocence, and thus the invalidity of his guilty plea, or to point out that he did not deserve such a severe sentence. All we know is that but for the motion's heading, no mention is made either of the sentence imposed or of its unreasonableness. The text speaks only in terms of a withdrawal of Diaz's plea of guilty, pursuant to Fed.R.Crim.P. 32(d). The government filed a memorandum in opposition to this motion which objected to reduction of Diaz's sentence and to withdrawal of his guilty plea.

Defendant submitted a traverse to the government's memorandum objections to his motion, which referred only to the issue of plea withdrawal. The district court treated the motion as one for modification or reduction of sentence, without questioning its untimeliness, and on July 18 denied the motion. Diaz also submitted a "Motion to Reconsider the Order under Rule 60(b) or in the Alternative, Motion for Leave to

Take an Interlocutory Appeal In Forma Pauperis," requesting a hearing to determine the voluntariness of his plea. The district court summarily denied the motion to reconsider. This appeal from denial of the motion, though untimely, was permitted because of excusable neglect. Fed.R.App.P. 4(b).

The nature of defendant's initial motion is unclear. What is clear is that it failed to meet the time constraints of Fed.R.App.P. 4(b) which might allow it to be treated as a direct appeal from his conviction. Given a liberal reading, defendant's *pro se* motion might be said to request a reduction of sentence under Fed.R.Crim.P. 35. We decline to speculate further since Diaz's brief in this appeal addresses only one issue— whether the district court "erred in failing to allow‡ the defendant to withdraw his guilty plea as involuntarily made where the court failed to comply with the mandate of Fed.R.Crim.P. 11."

The relevant portions of the guilty plea proceedings involving Diaz and his codefendants may be capsuled as follows. After reciting the overt acts charged, the court asked Diaz whether he was aware that his plea of guilty admitted the charges in the indictment as far as they related to him. Diaz answered yes. The court then informed all codefendants collectively of the significance of pleading guilty and enumerated specific constitutional rights they were waiving by entering a guilty plea. Following further colloquy the court asked the defendants their reasons for pleading guilty:

THE COURT: Why do you wish to plead guilty, Mr. Pugsley?

MR. PUGSLEY: I don't think I can win a jury trial.

THE COURT: Well, is that because you think the facts are such that the jury would be likely to return a verdict of guilty?

MR. PUGSLEY: Yes, Your Honor.

THE COURT: Do you concur in that view?

.    .    .    .    .    .

MR. DABDOUB–DIAZ: Yes, sir. I am guilty.

At the court's request the government presented the testimony of the DEA agent who had investigated the government's charges, following which the court gave each defendant opportunity to comment on the facts:

THE COURT: . . . Mr. Dabdoub-Diaz, as far as the facts recited as they relate to you, are they true?

MR. DABDOUB–DIAZ: Well, as far as the five kilo, we never guaranteed that we could obtain that, but this is true.

THE COURT: But the facts recited except those that relate to the actual quantity, are true?

MR. DABDOUB–DIAZ: Yes, sir.

Before eliciting the pleas, the court had inquired into the existence of plea bargains with the government:

THE COURT: Is there any kind of a plea agreement or plea bargain that is a part of your decision to offer this plea?

MR. KIRCHIN: Yes, Your Honor, there is on behalf of Mr. Pugsley. It has been introduced and is in writing.

.    .    .    .    .

THE COURT: Are there any other plea agreements of any kind?

MR. SULLIVAN: Yes, Your Honor. As to both of the other defendants, the agreement is substantially the same. The government will dismiss the remaining counts against each gentleman and take no position at the time of sentencing, leaving it strictly in the discretion of the court to do sentencing.

.    .    .    .    .

MR. RAMIREZ: That is correct as to the defendant Diaz, Your Honor.

THE COURT: Each of you has discussed this matter of plea and all aspects of this proceeding with your attorney, have you not?

.    .    .    .    .

MR. DIAZ: Yes, Your Honor.

Diaz's challenge to the voluntariness of his plea takes the position that the court did

not fully advise him of the charges as required by Rule 11(c) and that it did not evoke the full terms of the plea bargain.

■ This court presently has pending on rehearing en banc *United States v. Dayton*, 592 F.2d 253 (5th Cir. 1979), which involves the ambit of direct appeal review of allegations of invalidity in guilty plea proceedings. However, since the appeal by Diaz could not be treated as a direct appeal, the resolution of the instant appeal does not depend in anywise on the ultimate outcome of *Dayton*. Defendant nevertheless urges that the strict standard governing direct review of convictions should be applied in an appeal from a denial of a Rule 32(d) motion to withdraw a guilty plea. The government on the other hand compares the indirect nature of a Rule 32(d) motion to a collateral attack under 28 U.S.C.A. § 2255 and argues that both should be governed by the same standard on review. In *Keel v. United States*, 585 F.2d 110 (5th Cir. 1978), this court en banc established a less stringent standard of reviewing guilty pleas challenged collaterally pursuant to § 2255:

> In the absence of a fundamental defect which inherently results in the miscarriage of justice, or an omission inconsistent with the demands of fair procedure, relief cannot be given in a collateral attack on a guilty plea conviction based on failure of Rule 11 compliance when the plea was taken.

585 F.2d at 113.[1]

We are persuaded by neither argument. Rule 32(d)[2] contains its own explicit standard for trial court action and review: "to correct manifest injustice." *United States v. McDaniel*, 425 F.2d 813 (5th Cir. 1976); *Leonard v. United States*, 231 F.2d 588 (5th Cir. 1956); *Carter v. United States*, 224 F.2d 563 (5th Cir. 1955); *United States v.*

*Tivis*, 302 F.Supp. 581 (N.D.Tex.1969), *aff'd*, 421 F.2d 147 (5th Cir. 1970). *See Sullivan v. United States*, 348 U.S. 170, 75 S.Ct. 182, 99 L.Ed. 210 (1954).

■ While a finding of manifest injustice may result from irregularities or defects of less than constitutional magnitude, *Pilkington v. United States*, 315 F.2d 204 (4th Cir. 1963), Diaz only complains that the court did not fully comply with the literal requirements of Rule 11 in its explanation of the nature of the charge against him. Yet his comments at the plea proceeding show his understanding of the conspiracy charge. Although his attorney doubled as interpreter, the record makes it crystal clear that no language barrier prevented him from fully understanding the proceeding and its consequences. His attorney explained to the court at sentencing that Diaz has no trouble understanding English although he experiences difficulty speaking the language fluently when he is nervous. His well-drafted *pro se* motions and memoranda submitted to the district court add to our certainty that language did not hinder his understanding. The fact that the district court did not question defendant further does not detract from record demonstration that the plea was correct, knowing and voluntary. No manifest injustice is established.

Diaz additionally claims that the government failed to carry out promises which induced his plea. The government represented that the bargain included only a promise to withdraw the substantive count of the indictment, which it did. Diaz, however, says the government also promised to recommend leniency at sentencing in exchange for his guilty plea, a declaration it did not fulfill. He argues that an eviden-

---

1. The District of Columbia Circuit has suggested that Rule 32(d) should be regarded as the exclusive avenue of collateral challenge to an allegedly improper taking of a guilty plea, and that motions brought pursuant to 28 U.S.C.A. § 2255 for this purpose should be considered motions made under the Rule. *United States v. Watson*, 179 U.S.App.D.C. 103, 108, 548 F.2d 1058, 1063 (1977).

2. The text of Fed.R.Crim.P. 32(d) reads:

   A motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

tiary hearing would establish the truth of his understanding of the agreement and require withdrawal of his plea as involuntary.

■ While the government's failure to fulfill promises inducing a guilty plea is grounds for withdrawing the plea, *Jones v. Estelle*, 584 F.2d 687 (5th Cir. 1978); *United States v. Horovitz*, 565 F.2d 1295 (5th Cir. 1978), nothing other than Diaz's self-serving statement that the bargain agreed to was not carried out supports this allegation. All evidence of record confirms the government's representation. The transcript of the plea proceedings contains the government's explanation of the bargain—a plea of guilty in exchange for dismissal of the substantive charge—which was made in defendant's presence. Diaz stated under oath that he had discussed all aspects of the plea and its consequences with his counsel immediately after hearing the attorney state that he agreed with the government's version of its promise.

Diaz's conclusory allegation unsupported by specifics does not justify a hearing to relitigate representations made by himself, his lawyer, and the prosecutor in open court. *Barnes v. United States*, 579 F.2d 364 (5th Cir. 1978); *United States v. Coronado*, 554 F.2d 166 (5th Cir.), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977); *Bryan v. United States*, 492 F.2d 775 (5th Cir.) (en banc), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674; *Clayton v. Estelle*, 541 F.2d 486 (5th Cir. 1976), *cert. denied*, 431 U.S. 918, 97 S.Ct. 2184, 53 L.Ed.2d 230 (1977); *Scrivens v. Henderson*, 525 F.2d 1263 (5th Cir. 1976); *Johnson v. Massey*, 516 F.2d 1001 (5th Cir. 1975); *Frank v. United States*, 501 F.2d 173 (5th Cir. 1974). In a situation in which a defendant submits specific factual allegations, not directly contradicted in the record, of circumstances undermining his plea, *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1976); *Fontaine v. United States*, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973); *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *Matthews v. United States*, 533 F.2d 900 (5th Cir. 1976), *cert. denied*, 439 U.S. 1046, 99 S.Ct. 721, 58 L.Ed.2d 705 (1978); *Vandenades v. United States*, 523 F.2d 1220 (5th Cir. 1975); *Dugan v. United States*, 521 F.2d 231 (5th Cir. 1975), further fact development would be required. This is not such a case.

AFFIRMED.