IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50696
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SKYLER STEPHEN NEWSOME,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CR-74-5
_____

April 14, 2000

Before POLITZ, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Skyler Stephen Newsome appeals his guilty-plea conviction and sentence for aiding and abetting the possession and distribution of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He asserts that the district court erred in denying his pre-sentencing motion to withdraw his guilty plea, in failing to hold an evidentiary hearing thereon, and in sentencing him.

---

*  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Newsome sought to withdraw his guilty plea on the ground that the prosecution misled him about his sentence. This allegation was insufficient to warrant an evidentiary hearing, as it was found to be vague, unsubstantiated, and contrary to his sworn statement at rearraignment that, other than his discussions with his attorney concerning the sentencing guidelines, no one had made any promise, prophecy, or prediction regarding his sentence.[2]

Considering the totality of the circumstances, Newsome did not establish a fair and just reason for the withdrawal of his guilty plea.[3] The district court did not abuse its discretion in denying the motion for same. Finally, because Newsome knowingly and voluntarily waived his right to appeal his sentence, the allegations of sentencing errors will not be considered.[4]

The conviction and sentence are AFFIRMED.

---

[2]United States v. Dabdoub-Diaz, 599 F.2d 96 (5th Cir. 1979) (holding that defendant's conclusional allegation unsupported by specifics did not justify a hearing to relitigate representations made in open court).

[3]Fed. R. Crim. P. 32(e); United States v. Brewster, 137 F.3d 853 (5th Cir.), cert. denied, 119 S. Ct. 247 (1998).

[4]United States v. Melancon, 972 F.2d 566 (5th Cir. 1992).