[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10123
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 96-00798-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYLVESTER REID,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 4, 2010)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Sylvester Reid, proceeding pro se, appeals the district court's denial of his
motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment

599 to the Sentencing Guidelines, which clarified under what circumstances a weapons enhancement may properly be applied. On appeal, Reid argues that he was entitled to an Amendment 599 reduction for his 18 U.S.C. § 924(c) convictions in Counts 2, 4, and 6. After thorough review, we vacate and remand.

We review a district court's conclusions about the scope of its legal authority under § 3582(c)(2) de novo. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may not modify a term of imprisonment unless a defendant was sentenced based on a sentencing range that has "subsequently been lowered" by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). In considering a § 3582(c)(2) motion, the district court must engage in a two-part analysis. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the sentence under the amended guidelines and determine the new base level by substituting the amended guideline range for the originally applied guideline range. Id. Second, the court decides whether, in light of the 18 U.S.C. § 3553(a) factors, it will "elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." Id. at 781.

On November 1, 2000, Amendment 599, which was made retroactive, amended the commentary language for U.S.S.G. § 2K2.4. See U.S.S.G. App. C, Amend. 599; see U.S.S.G. § 1B1.10(c). Section 2K2.4 applies to 18 U.S.C. §

924(c) convictions. See U.S.S.G. § 2K2.4. Title 18 U.S.C. § 924(c) imposes a term of imprisonment for "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Amendment 599 states in relevant part:

> **4. Weapon Enhancement.** -- If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.

U.S.S.G. § 2K2.4, comment. (n.4).

As an initial matter, contrary to Reid's claims, the district court did not err by denying his § 3582(c)(2) motion as to Counts 2, 4 and 6 because Amendment 599 does not eliminate Reid's sentences for those counts. However, the government concedes that Amendment 599 does provide Reid some relief on his other counts, and liberally construes his pro se motion to provide for that relief. See Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."); United States v. Dabdoub-Diaz, 599 F.2d 96,

3

98 (5th Cir. 1979) (construing a <u>pro se</u> defendant's motion liberally).[1]

We agree with the government that Reid is entitled to a sentence reduction for his 18 U.S.C. § 1951(a) convictions in Counts 1, 3, and 5 -- the underlying offenses to his § 924(c) convictions -- because the district court had issued specific offense characteristics to those counts for brandishing a firearm. Pursuant to Amendment 599, those specific offense characteristics should be eliminated, signifying that Reid's guideline range for Counts 1, 3, and 5 is now lowered to 70 to 87 months' imprisonment based on an amended total offense level of 23 and a criminal history category of IV. Because Reid's amended guideline range is lowered by Amendment 599 and the government willingly construes Reid's motion to include this relief, we vacate and remand.

**VACATED AND REMANDED.**

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (<u>en banc</u>), we adopted as binding precedent all former Fifth Circuit decisions issued before October 1, 1981.