[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16393
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00432-AKK-WC-8


UNITED STATES OF AMERICA,

                                                              Plaintiff-Appellee,

versus

BOBBY RYDELL "YAK" NORMAN,

                                                              Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 31, 2018)

Before WILSON, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Bobby Rydell Norman appeals his drug-conspiracy related convictions.  He

alleges that before and during a break in his change-of-plea hearing, his attorney

"browbeat him into involuntarily pleading guilty to a drug conspiracy in which he

did not participate." He therefore assigns error to the district court's denial of his motions to withdraw his guilty plea and its refusal to hold an evidentiary hearing on the matter.[1] Upon review of the briefs and the record, we remand for a hearing and reconsideration of Norman's motions to withdraw his guilty plea.

## I.

Pursuant to a written plea agreement, Norman pled guilty to drug-conspiracy related counts. He consented to enter his guilty plea before a magistrate judge. Leading up to the change-of-plea hearing, Norman had written several letters to the court about his dissatisfaction with his appointed lawyer. These letters had culminated in an ex parte hearing before the magistrate judge, where the magistrate judge encouraged Norman and his attorney to cooperate with each other.

Norman continued this thread at the subsequent change-of-plea hearing before the magistrate judge. When asked if he was "fully satisfied" with his attorney, Norman responded "not really." However, after Rule 11 inquiries from the magistrate judge, Norman admitted, among other things, that he had read and discussed the plea agreement with his attorney; that he was not threatened or coerced into pleading guilty; that he was doing so voluntarily; and that he and his

---

[1] Norman also initially raised several challenges to his total sentence. However, pursuant to an appeal waiver in his plea agreement, a panel of this court granted the government's motion to dismiss with respect to Norman's claims of sentencing error. But that panel denied the motion to dismiss as to Norman's challenge to his guilty plea. *See United States v. Norman*, No. 16-16393 (11th Cir. Sep. 27, 2017) (per curiam), ECF No. 43.

attorney had discussed the case, his charges, the Sentencing Guidelines, and the process by which the court would arrive at his total sentence.

But a problem arose when the prosecutor began to read the factual basis for the guilty plea. When asked if "there were other individuals in [the] area who sold on a somewhat continuous basis cocaine base," Norman responded, "I guess. I don't know. I don't know what they did. You asked me a question, I'm – told me to answer it honestly. I don't know what they was doing." Norman also noted that he did not store cocaine in his house.

Further, in response to the government's allegation that Norman "sold an amount of up to five kilograms of [cocaine] powder" in cooperation with another person, Norman and the government had the following exchange:

> Norman: "I don't agree with that."
> Government: "How much powder did you sell?"
> Norman: "Wasn't no five kilos."
> Government: "How much was it?"
> Norman: "Couple of grams. Couple of grams of . . . powder."
> Government: "The people that you agreed with to buy and sell this cocaine hydrochloride, they had other customers and other people that they sold to; is that correct? You weren't the only one they were distributing to."
> Norman: "I don't know who they were distributing to."

The magistrate judge then asked if the parties would like a break, and there was a "[b]rief pause in the proceedings."

After this break, the factual proffer went forward without further difficulty. Importantly, however, the magistrate judge did not make any

3

additional Rule 11 inquiries after the break.  The magistrate judge accepted Norman's guilty plea, finding that he was competent, that he was aware of the nature of the charges and consequences of the plea, and that the plea was knowing and voluntary and was supported by a factual basis.

Twenty-five days later, Norman began filing the pro se motions to withdraw his guilty plea that are the subject of this appeal.  He filed two pro se motions to withdraw the plea and one pro se motion to reconsider.  Broadly, these motions accused Norman's attorney of misleading Norman and defrauding him into signing the plea agreement.  For example, Norman alleged that the attorney presented him with one version of the plea agreement for signature and then switched the document to a different version before the plea hearing itself.  He asserted that the attorney refused to mail him a copy of the agreement for eight months.  Norman also alleged that the attorney threatened to do only the bare minimum necessary to avoid an incompetence claim if Norman forced him to go to trial.  And he claimed that the attorney misled him about the conduct to which his co-conspirators would testify.

Essentially, Norman argued that he accepted the plea agreement under duress imposed by his attorney—and that the attorney's improper conduct took place before the plea-change hearing and during the break in the middle of it.  The magistrate judge rejected each motion without a hearing.

4

## II.

As a preliminary matter, a magistrate judge presided over the above proceedings and made the related rulings.  We are generally without jurisdiction to hear appeals directly from magistrate judges.  *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (per curiam); *United States v. Brown*, 441 F3d 1330, 1352 (11th Cir. 2006).  A party in a criminal proceeding has fourteen days to object to a magistrate judge's order, which amounts to an appeal to the district court and preserves that party's right to appellate review.  *See* Fed. R. Crim. P. 59.  We construe documents filed pro se liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); *Mays v. United States*, 817 F.3d 728, 731 n.2 (11th Cir. 2016) (per curiam).

Here, Norman's second pro se motion to withdraw, Doc. 394, was filed on July 21, 2016.  The magistrate judge denied it on August 9, 2016.  Doc. 406.  Thirteen days later,[2] Norman filed a lengthy pro se motion to reconsider.  Doc. 415.  On September 21, 2016, the magistrate judge denied the motion to reconsider.  Doc. 438.  Two days after this, at sentencing, the district court noted on the record:

> Mr. Norman, I've reviewed [the magistrate judge's] orders as it relates to your motion to withdraw your plea.  Although you're not asking me to, I see no reason to revisit his decisions.  He correctly laid out the law, the

---

[2] Under Fed. R. Crim. P. 45, 59, and/or the prison mailbox rule, Norman likely filed this motion to reconsider even sooner than thirteen days after the magistrate judge's denial.

facts, and, from my perspective, I think correctly ruled in denying your motions as well.

Doc. 539 at 3.

Keeping in mind that we construe pro se documents liberally, we hold that on the particular facts of this case, Norman sufficiently objected to and appealed from the magistrate judge's order denying his pro se motion to withdraw his plea. He timely filed a pro se motion to reconsider within the fourteen-day window for objection. Furthermore, the district court remarked that it had reviewed the magistrate judge's orders and found that he had "correctly laid out the law" and "correctly ruled" on the pro se motions Norman filed. In light of this, we find that Norman's filings "permit[ted] the district court to 'effectively review' the magistrate judge's ruling." *See Schultz*, 565 F.3d at 1360. Accordingly, we find that we have jurisdiction to hear this appeal.[3]

### III.

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (per curiam). We likewise review for abuse of discretion a district court's decision about whether to hold an evidentiary hearing. *Id.*

---

[3] For future proceedings, however, we refer Norman to Fed. R. Crim. P. 59, which explains how to properly object to a magistrate judge's order, appealing that order to the district court.

We have held that "there is no absolute right to withdraw a guilty plea prior to imposition of a sentence." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). Defendants seeking to withdraw a guilty plea prior to sentencing must show that there is a fair and just reason for doing so. Fed. R. Crim. P. 11(d)(2)(B). Whether a defendant's motion to withdraw shows a fair and just reason is to be liberally construed; however, the decision to allow withdrawal is left to the sound discretion of the trial court, and the district court may be reversed only if its decision is arbitrary or unreasonable. *Buckles*, 843 F.2d at 471.

The defendant bears the burden to show that the plea should be withdrawn. *Id.* at 472. In determining whether he has met this burden, a district court may consider the totality of the circumstances surrounding the plea, including whether: (1) close assistance of counsel was available, (2) the plea was knowing and voluntary, (3) judicial resources would be conserved, and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. *Id.* at 471–72.

In "a situation in which a defendant submits specific factual allegations, not directly contradicted in the record, of circumstances undermining his plea, further fact development," in the form of an evidentiary hearing, is required. *United States v. Dabdoub-Diaz*, 599 F.2d 96, 100 (5th Cir. 1979) (citations

omitted);[4] *see also United States v. Yizar*, 956 F.2d 230, 234 (11th Cir. 1992) (remanding, in a § 2255 context, for an evidentiary hearing when "it cannot be *conclusively* stated that [the defendant] is entitled to no relief"). Mere "conclusory allegation[s] unsupported by specifics," however, do "not justify a hearing to relitigate representations made by [a defendant], his lawyer, and the prosecutor in open court." *Dabdoub-Diaz*, 599 F.2d at 100. This is because statements made under oath during a plea colloquy receive a strong presumption of truthfulness. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

A trial court's conducting of "extensive Rule 11 inquiries" before accepting the plea weighs against its abuse of discretion in declining to hold an evidentiary hearing, particularly when the Rule 11 inquiries were "careful and detailed." *United States v. Stitzer*, 785 F.2d 1506, 1514 & n.4 (11th Cir. 1986). But we have remanded for an evidentiary hearing when, for example, a defendant made specific factual allegations, supported by a reliable third party affidavit, undermining his Rule 11 testimony that his plea was entered knowingly and voluntarily. *United States v. Sanderson*, 595 F.2d 1021, 1021 (5th Cir. 1979) (per curiam).

---

[4] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

In this case, Norman makes specific factual allegations that undermine the voluntariness of his plea and the adequacy of his counsel. Namely, he alleges that his attorney deceived him into accepting the plea in order to avoid going to trial. There is certainly support in the record for Norman's contention that he was dissatisfied with his counsel's performance, as the magistrate judge eventually held a hearing in order to encourage cooperation between client and counsel. And Norman stated his dissatisfaction with counsel at the change-of-plea hearing. Further, Norman's allegations that his attorney lied to him and strongly pressured him in order to avoid going to trial are not directly contradicted by the record.

Typically, such allegations would not be enough to warrant a finding of an abuse of discretion in the failure to hold an evidentiary hearing, because the magistrate judge conducted Rule 11 inquiries and concluded that Norman entered his plea knowingly and voluntarily. But, in this case, Norman's attacks go to the sufficiency of these very inquiries. The transcript of the change-of-plea hearing at which the Rule 11 inquiries were given shows Norman's reluctance to plead guilty and his apparent unfamiliarity with the specifics of the crime to which he was admitting. The magistrate judge clearly noticed that something was wrong, as he allowed the parties to take a break in the middle of the factual proffer. And, most importantly, Norman's allegations that his

attorney failed him during this break, after which no additional Rule 11 inquiries were made, potentially undermine the voluntariness of the entire second half of the hearing. This second half is when Norman acquiesced and entered his guilty plea.

All of these attacks, taken as a whole, constitute "specific factual allegations, not directly contradicted in the record, of circumstances undermining [Norman's] plea." *Dabdoub-Diaz*, 599 F.2d at 100. For the reasons stated above, we cannot, on this record, say that Norman's under-oath responses to the Rule 11 inquiries directly contradict his allegations.[5]

We therefore find that the district court abused its discretion in declining to hold an evidentiary hearing on Norman's motions to withdraw his plea. Although we remand for such a hearing, we "pretermit the outcome." *Yizar*, 956 F.2d at 234. Rather, we simply hold that, on the facts of this case, Norman has made sufficient allegations to require further inquiry. *See Dabdoub-Diaz*, 599 F.2d at 100.[6]

---

[5] We decline to reach the merits of the plea-withdrawal motion, and the district court is free to develop a more extensive record of what happened before and during the plea-change hearing. It may be the case that the totality of the circumstances surrounding the plea, including the Rule 11 inquiry, shows that Norman has not met his burden for withdrawal. *See Buckles*, 843 F.2d at 471–72. But there is not enough information at this time for us to make that determination.

[6] We are particularly concerned with what happened during the break in the plea-change hearing, because it took place after the Rule 11 inquiries. We therefore direct that the court conducting the evidentiary hearing on remand develop a record with respect to this break. Of course, we do not limit the hearing to this matter.

IV.

We vacate the district court's orders on Norman's motions to withdraw his guilty plea, and we remand for an evidentiary hearing and subsequent reconsideration of the motions.

**VACATED AND REMANDED.**